## LILIENTHAL v. WALLACH et al.

*(Circuit Court, S. D. New York. January 8, 1889.)*

EXECUTION—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—SECURITY.

Upon proceedings supplementary to execution, although a third party. having property of the judgment debtor which the third party claims as his own, may be punished for contempt in disposing of it, where his claim appears from the evidence to be so transparent a sham as not to constitute a "substantial dispute" as to title, under section 2447 of the New York Code of Procedure, yet the court will hesitate to adjudge summarily a considerable demand upon a motion for contempt; and in this case, a denial of the motion was directed, provided the claimant deposited the proceeds or gave security for the payment of whatever might be recovered in an action to be brought by the receiver of the judgment debtor against him.

*(Syllabus by the Court.)*

In Equity. Motion in supplementary proceedings to punish for contempt.

*Frank E. Blackwell*, for plaintiff.

*Louis O. Van Doren* and *Charles Donohue*, for defendants.

BROWN, J. Section 2447 of the New York Code of Procedure permits the judge upon supplementary proceedings to order a third person having property or money of the judgment debtor to pay or deliver the same to the receiver of the judgment debtor, unless the right to the same is "substantially disputed." By a substantial dispute I understand some *bona fide* controversy. It cannot include a mere colorable dispute, designed only to render the law ineffective, and to defeat the direct remedy which the proceedings supplementary to execution are designed to afford.

In this case the evidence leaves no doubt that the day before the supplementary order was served on Drucklieb he had 24 cases of goods belonging to the judgment debtor. On that day a bill of sale was executed and delivered, antedated to the 1st August by the judgment debtor's attorney in fact, whereby this property and other property were conveyed to Drucklieb in consideration of $100. Drucklieb testifies that an additional consideration was the cancellation of an indebtedness to him for previous commissions amounting to about $2,000. Even this explanation does not make the consideration one-fifth of the value of the property transferred. Without going into the numerous details, the whole history of the transaction is such that if the court were to pass upon the evidence presented it would not hesitate to consider the alleged sale a transparent sham. It has not the appearance of even a colorable *bona fide* claim on the part of Drucklieb; and in this view the court would be justified in treating the case as not one of "substantial dispute" within the meaning of section 2447. So great, however, is my reluctance to pass summarily upon a question of this kind, involving so considerable an amount, upon a motion to punish for contempt, that I shall decline to grant the motion, provided the defendant, within a time to be determined on settlement of the order herein, shall either deposit in court

the proceeds of these goods, which were sold by him after the supplemental order was served on him, or, in lieu thereof, shall execute a bond with approved security to pay any judgment that may be recovered in an action to be brought by the receiver of the judgment debtor for such proceeds; otherwise, the motion for contempt will be granted.